UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAMPARELLI CONSTRUCTION COMPANY, INC.,                 **DECISION and**
**ORDER**
                    Plaintiff,

v.
                                              15-CV-00623-RJA-JJM

ARROW WOOD PRODUCTS, INC., and
ANTHONY SERRAO,
                    Defendants.
_____

Before me is plaintiff's motion to compel production of documents and for an award of costs and attorney's fees [21], together with defendants' cross-motion for a protective order as well as an award of costs and attorney's fees [24][1]. Oral argument was held on April 8, 2016 [27]. For the following reasons, plaintiff's motion to compel is granted, its request for costs and attorney's fees is denied, and defendants' cross-motion is denied.

### ANALYSIS

Familiarity with the relevant facts is presumed. The general rule is that "a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 236 (W.D.N.Y. 1998) (Foschio, M.J.); 1199 Seiu Pension Fund v. Eastern Niagara Hospital, Inc., 2013 WL 4812411, *2 (W.D.N.Y. 2013) (McCarthy, M.J.). Defendants acknowledge that rule: "[g]enerally speaking, failure to timely raise objections does result in a waiver of those objections" (defendants' Memorandum of Law [24-3], p. 3 of 9), but suggest that "this is not always the case". Id.

_____

[1]      Bracketed references are to the CM/ECF docket entries.

I see no reason to depart from the rule here. The fact that defendants have changed counsel does not undo the effect of prior counsel's failure to timely object to plaintiff's discovery demands. "[I]t is well-settled that a change of counsel does not relieve a party of the effects of the rules of practice or otherwise excuse prior counsel's lapses . . . . Any other policy would allow easy evasion of parties' and counsel's obligations and unduly complicate and prolong case management." Brownstone Publishing, LLC v. AT & T, Inc., 2009 WL 799546, *1 (S.D. Ind. 2009). *See also* S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) ("[n]ormally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of  his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent").

Moreover, for the reasons stated by plaintiff, the demands themselves are proper. *See* Gwitt Affirmation [21-1], plaintiff's Memorandum of Law [21-9]. Although defendants now argue that they are "an attempt to harass, annoy and encumber the Defendants" (Dubs Affirmation [24], ¶15), during the conference on March 4, 2016 defense counsel stated that he was *not* suggesting that plaintiff was attempting to harass defendants by these demands.

Finally, defendants argue that the motion should be denied because no attempt has been made to resolve the dispute informally. Defendants' Memorandum of Law [24-3], pp. 7-8 of 9. I disagree: plaintiff details the attempts which have been made. *See* Gwitt Affirmation [21-1], ¶¶1, 21-26. Therefore, plaintiff is entitled to complete document production in response to its demands.

However, I take a different view with respect to plaintiff's request for an award of costs and attorney's fees. Rule 37(a)(5)(A)(ii) and (b)(2)(C) requires payment of such costs and fees unless the opposing party's position was "substantially justified". "To our knowledge, that has never been described as meaning justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law . . . . Such a lenient standard is necessary given the fact that attorneys must advocate for their clients." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995).

While I am not persuaded by the authorities cited by defendants in support of their position, I do not find them to be "an unreasonable, frivolous or completely unsupportable reading of the law". Bowne, supra. Therefore, plaintiff's request for an award of costs and attorney's fees is denied.

**CONCLUSION**

For these reasons, plaintiff's motion [21] is granted in part and denied in part, and defendants' cross-motion [24] is denied. No later than April 29, 2016 at 5:00 p.m. defendants shall produce, or make available for inspection and copying, all documents in their possession or under their control which are responsive to Requests 7 – 12 of plaintiff's Request for Production

(Set One) [21-4]. Failure to do so may lead to additional consequences, including entry of a default judgment.

**SO ORDERED**.

Dated:   April 8, 2016

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge
